SUMMARY ORDER

Hong Li An, a native and citizen of China, seeks review of a December 5, 2008 order of the BIA affirming the January 22, 2007 decision of Immigration Judge (“IJ”) Thomas J. Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hong Li An, No. A094 814 910 (B.I.A. Dec. 5, 2008), aff'g No. A094 814 910 (Immig. Ct. N.Y. City *713 Jan. 22, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008).[2]
We find no reason to disturb the agency’s adverse credibility determination. We afford particular deference to the IJ’s assessment of demeanor where the IJ is in the unique position of observing the applicant testify. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005); see Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007); see Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). Indeed, this Court has held that the deference it affords in applying the substantial evidence standard “is at its highest, point where an IJ’s credibility determinations are based on observation of the applicant’s demean- or.” Lin Zhong v. U.S. Dept. of Justice, 480 F.3d 104, 116-117 (2d Cir.2007). Here, the IJ found that An’s demeanor indicated that he was not testifying in a credible manner, observing that his testimony lacked a “natural flow” and that it “often appeared that he was presenting some memorized information as opposed to some real life events that actually happened to him.” The IJ also noted that An appeared nervous and observed that An’s facial expressions indicated that his testimony was memorized. We are in no position to disturb such findings.
Additionally, having called An’s credibility into question, the IJ did not err in noting the absence of corroborative evidence that may have enabled An to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Because, we decline to disturb the agency’s adverse credibility determination, we find no error in its denial of An’s application for asylum. 8 U.S.C. § 1158(b)(l)(B)(iii); see Majidi, 430 F.3d at 81 n. 1; see also Xiu Xia Lin, 534 F.3d at 165-66. Moreover, because An bases his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ found that this evidence lacked credibility, those claims necessarily fail.[3] See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t. of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re *714 quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). See Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); see also Xiu Xia Lin, 534 F.3d at 165.

. While, as the Government observes, An does not specifically address withholding of removal and CAT relief in his brief, he does challenge the agency's adverse credibility determination, which was dispositive of each of his claims. Thus, we do not dispose of these claims on waiver grounds. Cf. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).